**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

B. J. STOUFFER, II,

     Plaintiff - Appellant,

vs.

JAMES SAFFLE, Director of
Department of Corrections; DENNIS
COTNER, Medical Director; JAMES
D. BEDNAR, Director of O.I.D.S.; J.
BYNUM, M.D., Administrator, Griffin
Memorial Hospital a/k/a Marlene. E.
Bynum; O. PERURENA, M.D.,
Administrator Oklahoma Memorial
Hospital; ST. FRANCIS HOSPITAL,
Administrator; CORRECTIONAL
MEDICAL SERVICES; JAMES A.
BERRY; ALBERT HOCH, JR.;
DEPARTMENT OF HUMAN
SERVICES; EASTERN STATE
HOSPITAL,

     Defendants - Appellees.

No. 00-7049
(D.C. No. 97-CV-451-B)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

   [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

   [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

B.J. Stouffer, II, appearing pro se and in forma pauperis, appeals from the district court order dismissing his federal civil rights, RICO, and pendent state law claims. 18 U.S.C. § 1964; 42 U.S.C. § 1983, 1985. We affirm for substantially the same reasons given by the district court.

Mr. Stouffer is presently incarcerated in an Oklahoma county detention center.[1] Mr. Stouffer, seeking injunctive and monetary relief and a stay of execution under 28 U.S.C. § 1651, filed suit against a state human services director, Oklahoma Department of Corrections officers, public defenders, doctors, hospital administrators, and medical service providers. Mr. Stouffer alleged (1) ineffective assistance of counsel; (2) confiscation of legal materials and denial of access to the court's library; (3) inadequate grievance procedures; (4) denial of equal access to programs, rights, and privileges afforded other prisoners; (5) double celling; and (6) denial of medical treatment. Mr. Stouffer's complaint also alleged a civil rights conspiracy, a RICO claim, and several pendent state law claims.

---

assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

[1] Mr. Stouffer was on death row in an Oklahoma state penitentiary at the time the district court issued its order. Subsequently, Mr. Stouffer was granted a writ of habeas corpus for ineffective assistance of counsel. See Stouffer v. Reynolds, 214 F.3d 1231 (10th Cir. 2000).

The district court ordered a special report by the Oklahoma Department of Corrections reviewing the factual basis of Mr. Stouffer's claims. Thereafter, upon each of the defendants' motions to dismiss or for summary judgment, and upon the court's own motion to consider dismissal, the district court concluded that Mr. Stouffer's allegations were "vague and conclusory, and . . . do not rise to the level of a constitutional violation." R. doc. 222, at 23. Accordingly, the district court dismissed Mr. Stouffer's complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous. Id. at 24. On appeal, Mr. Stouffer challenges the district court's dismissal of each of the aforementioned claims.[2]

Because the district court dismissed Mr. Stouffer's action after receiving the special report, R. doc. 132, reviewing affidavits, R. doc 136, 140, 143, answers to interrogatories, R. doc. 136, and medical records, R. doc. 143, and considering Mr. Stouffer's responses to the various motions, R. doc. 146, 147, 149, 150, 151, we "treat[] this as a dismissal under Fed. R. Civ. P. 56 and not as a dismissal under 28 U.S.C. § 1915(e)(2)(B). Raymer v. Enright, 113 F.3d 172, 174 n.1 (10th Cir. 1997). We have reviewed the special report, affidavits, answers to interrogatories, and medical records in the light most favorable to Mr. Stouffer, and have reviewed Mr. Stouffer's responses to the various motions. Simms v.

---

[2] We grant Mr. Stouffer's motion to supplement his brief and have reviewed Mr. Stouffer's supplemented brief in considering his appeal. All other pending motions before this court are denied.

Oklahoma ex. rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 528 U.S. 815 (1999).  Having done so, we hold that there are no genuine issues of material fact and that each of the defendants are entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) ("By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original)); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Mr. Stouffer is required to continue making monthly payment of the filing fee.  28 U.S.C. § 1915(b)(2).

Affirmed.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge